United States District Court
Southern District of Texas
**ENTERED**
October 22, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SIMON MENDOZA DELGADO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-1117 |
| | § | |
| WARDEN, EL VALLE DETENTION FACILITY, *et al.*, | § | |
| | § | |
| | § | |
| Respondents. | § | |

**ORDER**

Petitioner Simon Mendoza Delgado is currently detained by Immigration and Customs Enforcement at the El Valle Detention Center in Willacy County, Texas. In this habeas action, Petitioner contests Respondents' ability to detain him without a bond hearing.

Petitioner argues the Fifth Amendment's Due Process Clause does not permit Respondents to detain an individual without an opportunity to seek bond. The Court has previously considered and rejected similar arguments. *See, e.g., Makhmudov v. Lyons*, No. 1:26-CV-024, 2026 WL 879392, at *1 (S.D. Tex. Mar. 31, 2026) (citing *Zuniga v. Lyons*, 814 F. Supp. 3d 685, 696 (N.D. Tex. 2025); *Guzman-Diaz v. Noem*, No. 3:25- CV-3008-X-BN, 2026 WL 309938, at *8 (N.D. Tex. Feb. 5, 2026); *Giron v. Noem*, No. 4:26- CV00086, 2026 WL 252370, at *2 (S.D. Tex. Jan. 28, 2026); *Banyee v. Garland*, 115 F.4th 928, 930 (8th Cir. 2024)). Additionally, the Court finds the reasoning of other district courts in denying relief to be persuasive. *See, e.g., Castellano v. Strong*, No. 6:26-CV-125-H, ___ F.Supp.3d ___, 2026 WL 2225137, *6 (N.D. Tex. Aug. 3, 2026) ("The Due Process Clause does not require the United States to release aliens in ongoing removal proceedings after a certain period of time.").

Petitioner also alleges a violation of his rights under the Fourth Amendment, stating that he was "detained in an illegal traffic stop" and "was not engaged in any unlawful activity, nor was there any individualized basis to suspect him of wrongdoing[.]" (Pet., Doc. 1, 2)

Under Section 1357(a)(2), a federal officer may effectuate a warrantless arrest "if he has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest[.]" But for purposes of a habeas action, "'an illegal arrest has no bearing on the legality of detention following that arrest.'" *Cruz v. Tate*, No. CV H-26-4819, 2026 WL 2160560 (S.D. Tex. July 27, 2026) (Lake, J.) (citing *Carnesolta v. Tate*, No. 4:26-cv-01006, 2026 WL 948727, at *4 (S.D. Tex. Apr. 8, 2026) (Eskridge, J.)); cf. *Carnesolta, I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1040 (1984) ("The mere fact of an illegal arrest has no bearing on a subsequent deportation proceeding[.]"); *Smith v. Gonzales*, 670 F.2d 522, 526 (5th Cir. 1982) (concerning the independent intermediary doctrine).

To facilitate the Court's consideration of the issues that Petitioner presents, it is:

**ORDERED** that by no later than November 12, 2026, Petitioner Simon Mendoza Delgado shall file a Statement explaining why the reasoning in the previously-referenced decisions does not apply to the claims that he presents.

If Petitioner does not file the Statement, the Court will deny the Petition.

The Clerk of Court is directed to serve a copy of this Order upon Respondents in accordance with the Memorandum of Understanding.

Signed on October 22, 2026.

Fernando Rodriguez, Jr.
United States District Judge